GONZÁLEZ, PLAINTIFF AND APPELLEE, *v.* MALGOR, LUIÑA & CO., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in an Action for Damages.

No. 2294.—Decided February 14, 1921.

DAMAGES—NEGLIGENCE—PLEADING.—In an action for damages for negligence it is not necessary to allege in the complaint that the plaintiff was free from fault or negligence. The contributory negligence of the plaintiff is a defense to be alleged and proved by the defendant.

ID.—ID.—ID.—DILIGENCE.—A complaint in an action for damages caused by the negligence of the defendant's chauffeur in colliding with the plaintiff's automobile is not defective because it fails to allege that the defendant was not as diligent as a good father of a family in selecting the chauffeur. If such an allegation had any weight the defendant would be the party to establish the fact that he was so diligent.

ID.—ID.—JURISDICTION—APPEALS.—An action having been brought in a municipal court for a sum less than five hundred dollars and judgment on the pleadings having been entered, the district court, on appeal from that judgment, has jurisdiction not only to review the question of law considered by the lower court, but also to review the whole case on its merits.

ID.—ID.—JUDGMENT.—In this case the complaint prayed for the sum of $141.84 as the amount of the damages done to the plaintiff's automobile. The evidence was meagre and vague on that point. Notwithstanding this, the court gave judgment for $150. *Held:* That the judgment should not have been for a larger sum than was prayed for.

ID.—ID.—ID.—The evidence having shown that the plaintiff's automobile was engaged in the transportation business and earned ten dollars daily, and that as a result of the collision the business had to be suspended for a period of thirty days, it is clear that a judgment for $300 would have been justified by the evidence.

The facts are stated in the opinion.

*Messrs. F. Ramírez de Arellano, Charles Hartzell* and *C. Urrutia* for the appellants.

*Mr. E. Campillo* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Rosendo González brought an action in the Municipal Court of San Juan against Malgor, Luiña & Co. to recover $441.84 as damages. The municipal court gave judgment against the plaintiff on a demurrer interposed by the defendants on the ground of failure to state a cause of action. The plaintiff appealed to the district court and after a trial there that court entered judgment for the plaintiff and the defendants appealed to this court, assigning in their brief the commission of three errors.

1. The defendants maintain that the complaint does not state a good cause of action, (*a*) because it is not alleged that the plaintiff had exercised due care and circumspection, (*b*) because the damages sustained are not stated in detail and (*c*) because it is not alleged that in selecting their chauffeur the defendants did not act as a good father of a family would have acted.

The case is a claim for damages occasioned to the plaintiff by a freight truck of the defendants which while being negligently driven by their chauffeur collided with an automobile of the plaintiff.

In support of their theory that it is necessary for the plaintiff to allege in his complaint in a case of this kind that he is free from fault or negligence, the appellants cite the case of *Díaz* v. *San Juan Light & Transit Company,* 17 P. R. R. 64.

Indeed, the syllabus of the case cited seems to support the contention of the appellants, but on that point this case was clarified in the case of *Rosado* v. *Ponce Railway and Light Company,* 20 P. R. R. 528. And in accordance with the jurisprudence laid down, ''the contributory negligence of the plaintiff is a defense which must be pleaded and proved by the defendant.''

As to the matter of itemizing the damages, we think that

the complaint is sufficient. The collision is clearly alleged therein and it is added that by reason of it the automobile of the plaintiff was wrecked, the damages amounting to $141.84, and that it could not be used for the period of thirty days, the plaintiff thereby losing three hundred dollars, or ten dollars per day which it had been producing. It does not appear that the defendants moved that the plaintiff should itemize the damages to the automobile. See the case of *Torres* v. *Ramírez,* 22 P. R. R. 419.

And as regards the failure of the plaintiff to allege in the complaint that the defendants did not act as a good father of a family in selecting their chauffeur, we may say that in the event that such an allegation should have any force, that would be also a defense for the defendants to allege and prove. See the case of *Truyol & Co.* v. *West India Oil Company,* 26 P. R. R. 321, 329.

2. The appellants allege that the district court acted without jurisdiction. The amount sued for is less than five hundred dollars, it is true, but inasmuch as the district court did not have original jurisdiction of the case, which was brought in the municipal court and appealed to the district court, the jurisdiction of the latter court is clear.

The appellants admit this, but maintain that they were entitled to a trial in the municipal court, another trial *de novo* in the district court and an appeal to the Supreme Court, and that as the municipal court decided the case on a demurrer and therefore without a trial, by this proceeding they were deprived of their right to a trial in the municipal court.

We can not agree with them. The judgment entered in the municipal court put an end to the controversy there. If an appeal had not been taken from that judgment, or if the judgment had been entered after a trial, it would have definitely settled the rights of the parties. It was appealed from and the district court acquired full jurisdiction of the

whole case. It overruled the demurrer and tried the case to a judgment which was appealed from to the Supreme Court. What can the appellants validly complain of? If the amount sued for had been larger, only the district court would have had jurisdiction of the case. Hence, the allegation of the appellant is wholly unfounded.

3. The third and last assignment of error is stated in the brief of the appellants as follows: "The court erred in fixing the amount of damages."

The evidence showed that the plaintiff's automobile was, as the witnesses say, "smashed" as a result of the collision. "The right rear wheel and tire were broken; both the front and rear mud-guards were bent; the radiator was broken; the top was wrecked; the windshield was broken, also a front tire and its tube, and the body was dented," said one witness. The same witness testified that the repairs cost one hundred and fifty dollars and another witness that they cost over one hundred dollars. The evidence is, therefore, scant and vague as to the exact cost of the repairs. The court fixed the amount at one hundred and fifty dollars, but as the complaint claims only $141.84 for this item, we think that the judgment should not have allowed more than was asked for.

As to the other item of damages, it was shown that the plaintiff's automobile was used for carrying passengers in San Juan; that it worked daily, producing from fifteen to twenty-five dollars a day, or an average profit of ten dollars a day, and that it was rendered useless for thirty days. The evidence, therefore, supported the court in allowing the sum of three hundred dollars for that item.

There is no assignment of error in the weighing of the evidence by the court regarding negligence by the defendants. However, we have examined the evidence and in our opinion it supports the judgment on that point.

By virtue of all the foregoing the judgment appealed from should be modified so as to allow $441.84 as damages instead of $450, and as so modified

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.